2269924125 Mr. Walsh. Thank you your honor. Your honors the district court ignored its own findings of fact and went out of its way to deny relief here despite serious risk factors that were established in the pre-sentence report adopted by the court. But the most startling fact I think was the court's ignorance or just setting aside the five-to-one relative risk of contracting COVID in prison. The court noted that there was a an uptick in cases in Western New York and there was a surge everywhere and really just didn't didn't get the fact that the risk in prison is so much higher. And we submitted specific documents from the facility that Ms. Rodriguez is still incarcerated at the Northeast Ohio Correctional Complex. She's never been designated to a BLP facility. She only gets these reports from the warden. There's no reporting of any OCC COVID cases other than there's a that facility is is a hybrid. There's a state facility there. There's an ICE detention facility and then they hold some people who were detained pre-trial and some after sentence. But there are no statistics that are issued from any OCC. The only thing we get are these warden's reports and you can see from the warden's reports that it's an exponential increase. So really every day in detention she sits waiting if she's going to contract this and with her condition with her weight which really shouldn't be in question at all and with her asthma which she's been treated with life she's definitely in a high-risk category. Also the court looked at and said that her family circumstances were not unique. We beg to differ. She's got four kids now that she needs to deal with at home. One was incarcerated but three who are in high school and they're scattered. Their fathers are people who haven't supported them over the years. She needs to help her her just don't see how the district court can ignore these facts particularly given the fact that we cited over 22 cases at the time of our motion where asthmatic obese patients had been released by courts. Given all the factors the fact that she's in a private facility and everything else we really need relief now because by the time this appeal is is over her sentence will be served. So Mr. Walsh is she not a risk of flight? No. Is there not some evidence of that? No. No your honor they said she absconded when she was 20 years old from probation she went to Ohio. That was an offense 22 years ago. She's never been a risk of flight. She never the only the issues that developed after her arrest here were drinking issues and those were dealt with and the last two really weren't dealt with but you know I think Judge Arcaro looked at it and said I've had enough and that's it but but she she went through her counseling she's she's never absconded as they said that happened 22 years ago from probation as a 20 year old as I said but she's not a risk of flight. She's not dangerous. She's not violent. Judge Kearse or Judge LaValle do you have any questions? Is there any dispute in the government's representation that she threatened the victims over the telephone in her in the debt collection scheme? No your honor we're bound by the the pre-sentence report as I think both the government and the court should be. The scheme was to read from a script and make these horrible statements that the police are coming and all the rest of the stuff to get these people nervous to pay bills. It's terrible debt collection practice and she was she worked for this firm on and off for a period of a couple years and she recognized that this was over the edge. She had worked many years in the collection industry and this was beyond the pale. But that's basically her offense conduct? Yes your honor. Thank you. The government's brief takes the position that she has a substantial record of problems with supervision and not complying with conditions of release previously as well as having a substantial criminal history. It also makes the point that that she does not demonstrate anywhere in her papers any likelihood of success on the merits of her appeal. What do you say in response to that? Well I'll handle the second question first your honor. The main merits are on the compassionate release. I know I have an uphill climb on the guidelines issues. I do think that the court completely overlooked one of the guidelines issues of a motion for a variance and really just said no after I brought it up at the end after I'd argued it. But their main focus is on the compassionate release case in the pandemic and that appeal and as the court can see from the record the district court sat on this. It actually the whole month of September was lost because I couldn't even get the district court to authorize the transcript so I could proceed with the appeal. I had to go to the Second Circuit to get that done and then we had to move in the Second Circuit to remand the case so that the district court would rule on it on the motion for compassionate release and then the court took another month to do that. So in my mind that the court was going to say no I could have said no a long time ago I don't understand why it took so long but now she served six months of her sentence and even under the current sentence she'd be eligible for some combination of home confinement and other things after serving half her sentence in zone C. So the first question your honor was that she hadn't really responded well to there was a comment that it wasn't I can't remember the exact word but it wasn't exemplary I should say. She had a drinking problem and she was punished for that twice in state court and then it increased her criminal history category for this but she doesn't have an extensive criminal history before that. She had an unfortunate incident with the father of one of her child who was alleged to have abused the child and she ended up getting charged for allegedly making a claim about that. She had one drug conviction when she was 20 years old for selling $20 worth of cocaine. Other than that she's been fine. All right well we'll hear from the government Ms. Gregory. Yes good morning Catherine Gregory assistant U.S. attorney for the government. May it please the court. The court should deny this motion because consistent with its decision in court is most familiar with the facts of her case. It's most familiar with her ability or inability to comply with bail conditions and it is in the best position to evaluate her factual claims and make findings. But even on the substance Ms. Rodriguez has failed to meet her statutory burden under 3143b and it's important to note the stage of these proceedings. This is not about pretrial release. Her guilt has been established right. The statute establishes a presumption in detention and she has failed to address either her likelihood of flight or posing a danger to others or demonstrating that her appeal raises a substantial question of law or facts that is likely to result in reversal or otherwise prevail. Now if anything. Can you clarify the procedural posture here. What is the relationship between between this this what you describe as a motion before us and the district courts the district court's ruling on December 20th which seemed to me to be denying exactly what she's is this an appeal from that denial or is this the why why are you saying she should go to the district court previously. I thought she went to the district court and the district court denied her on December 20th. No and I'm happy to clarify. So she was sentencing. She requested compassionate release. So that that motion was denied. There were some jurisdictional questions that delayed the resolution because she had already filed her notice of appeal. So this court had jurisdiction and it had to be sent back to the district court. Now she has her direct appeal. She's appealing the compassionate release denial and those have been consolidated. Now she is making a motion for bail pending those appeals and that motion must be made in the district court. So that's different than a motion for a sentence reduction which is what we typically call compassionate release. So that's why this has to go to the district court. If the district court has to make these factual findings and this court has explained why it prefers this method in its decision in Hochevar. So this is not about you know she's appealing. This motion is being heard for the first time essentially in the appellate court and now it's not a jurisdictional requirement. Hochevar is very clear on that but this court does have a strong preference that these motions go to the district court so that it's not bouncing back and forth and so that the district court is most familiar with the case. There are some occasions if all of the briefing is done and oral argument is done where this court has said it might consider the motion first in the appellate circuit but it's not one of those cases. So you know we can we can go straight to the to the two prongs that Ms. Rodriguez has the burden of establishing and she hasn't like let's put aside that she hasn't made this in the district court although that's our primary argument. She has to show that she is unlikely to flee or pose a danger and as the panel noted let's just look at this case not even her historical conduct just the facts of this offense and the fact that she has a poor record of compliance in particular with the sobriety requirements and without getting into the details of every encounter she had with law enforcement I would direct the panel to PSR paragraph 5 through 9 and 162 for more information but she's offered nothing in the way of ensuring that this time somehow her conduct would be different. She failed to address any of the concerns that were raised by the district court previously in its denial of a compassionate release and as to the second prong Ms. Rodriguez is unlikely to prevail on her appellate argument primarily because she unequivocally waived her right to appeal as part of the pre-agreement. Now that waiver explicitly covers her sentencing argument and as to the compassionate release portion she has to overcome the high abusive discretion standard of review and it's unlikely that she'll be able to do that because the district court acknowledged her health concerns even though they were not well documented. It acknowledged the danger posed by COVID-19 both in and outside of prison and it found that unfortunately her situation was not unique and that it did not represent either the extraordinary or compelling circumstances that might warrant compassionate release especially so soon into her sentence. So given that she has failed to address either of the 3143B prongs and given that these motions typically must be made first in the district court we'd ask that the court deny the motion. Thank you very much. Judge Kearse or Judge LaValle do you have any further questions? No questions. No I have none. Thank you very much. We'll reserve the decision. We'll hear from you in a moment.